# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § | |
| and | § | |
| | § | CIVIL ACTION NO. |
| TENILLE GAINES, | § § | SA-08-CV-0786 XR |
| Plaintiff-Intervenor, | § | |
| v. | § § | |
| MANAGEMENT SOLUTIONS, INC. d/b/a DEZAVALA OAKS APARTMENTS, | § § § | |
| Defendant. | § § | |

### ORDER GRANTING IN PART MOTION TO QUASH AND FOR PROTECTIVE ORDER (#26) AND DENYING MOTION FOR LEAVE (#29)

The matter before the Court is plaintiff and plaintiff/intervenor's (Gaines) motion to quash and for protective order (docket entry 26), and defendant's response which includes a motion for leave to expand the deposition limit (docket entry 29).

The motion has been referred to me for disposition.

The motion concerns a set of notices for deposition on written questions which were propounded on August 31. The discovery is targeted to Gaines' former employers, and seeks her payroll and personnel records. This discovery was propounded after Gaines was deposed and testified about her termination from Target and Walgreens after being accused of theft, and her invocation of the Fifth Amendment and refusal to answer questions concerning her dismissal from Books-A-Million. The discovery also seeks Gaines' personnel records from Sprint, for whom she worked after

leaving defendant.

In its response defendant argues that the information sought from former employers is relevant to the remedy to which plaintiff and intervenor may be entitled if liability is established. Specifically defendant argues that evidence acquired after termination – even during the course of discovery – which if known would have justified termination is relevant to the potential recovery in this case.[1] A review of plaintiff's and intervenor's complaints reveals that both reinstatement and front pay are being sought; remedies which may not be available if defendant establishes that it would have dismissed Gaines had it been aware of her prior terminations for theft.

Mindful of the scope of discovery permitted by the rules ("any nonprivileged matter that is relevant to any party's claim or defense"[2]) and Gaines' deposition testimony, I conclude that the personnel records from Target, Walgreens and Books-A-Million are relevant to the issue of plaintiff's and intervenor's recovery in light of the after acquired evidence defense. However, defendant has not met its burden of proof and adequately explained how the <u>payroll</u> records of these three employers are relevant, or how either the payroll or personnel records from the other employers are relevant to this issue. Similarly, defendant has not adequately explained how the personnel records from Sprint are relevant to the after acquired evidence defense or any other claim or defense.

Accordingly, the motion to quash and for protective order is GRANTED as to the depositions directed to Precision Time, Sprint, Cooper and Cooper Company, and Earthbound Trading, and GRANTED as to the payroll records sought from Target, Walgreens and Books-A-Million. In all other respects the motion is DENIED.

---

[1] **McKennon v. Nashville Banner Publishing Co.**, 513 U.S. 352 (1994).

[2] F.R.Civ.P. 26(b)(1).

2

In light of this ruling, the motion for leave to exceed the deposition limit is DENIED as MOOT.

It is so Ordered.

**SIGNED** on September 17, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE